14-772
Li v. Lynch

BIA
Nelson, IJ
A094 793 323

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT:
JON O. NEWMAN,
RALPH K. WINTER,
ROSEMARY S. POOLER,
   *Circuit Judges.*

_____

YONG MIN LI,
   *Petitioner,*

   v.                                    14-772
                                         NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*1

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, New York.

---

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Min Li, a native and citizen of the People's Republic of China, seeks review of a March 6, 2014, decision of the BIA, affirming the June 5, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Min Li*, No. A094 793 323 (B.I.A. Mar. 6, 2014), *aff'g* No. A094 793 323 (Immig. Ct. N.Y. City June 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*

2

*v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications like Li's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam).

The agency's adverse credibility determination is supported by substantial evidence. Li, by his own admission, lied in his credible fear interview and on his initial asylum application when he claimed his wife was sterilized. The IJ reasonably relied on this admission in making her credibility determination, particularly given that Li's dishonesty goes to the heart of his claim of persecution at the hands of Chinese family planning officials. *See Xiu Xia Lin*, 534 F.3d at 167; *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

The IJ was not required to credit Li's explanations for his dishonesty-that he was afraid of being sent back to China and

3

that the smuggler who helped him to enter the United States told him to lie to U.S. officials. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). While it may be true that Li was afraid of being sent back to China, this explanation undermines his credibility in a removal hearing, where the specter of removal is explicit.

Finally, the agency did not err in finding Li's documentary evidence insufficient to rehabilitate his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The letter from Li's wife is from an interested witness not subject to cross examination. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The agency was not required to credit the 2012 village committee notice purporting to corroborate Li's story. The document was unsigned, its language was garbled, and it failed to corroborate significant portions of Li's story because it did not mention any prior attempts to sterilize his wife. *Xiao Ji Chen*, 471 F.3d at 342.

Considering Li's false statements and his lack of reliable corroborating evidence, the "totality of the circumstances" supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the agency did not err in denying asylum, withholding of removal, and CAT relief as all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk